B 240 - Reaffirmation Agreement
(10/05)

## United States Bankruptcy Court

__WESTERN__ District of          __MO-KANSAS CITY__

In re __CHARLES FINCH WARD__          Case No. ___07-41777___
_____
                    Debtor
                                          Chapter _____7_____
_____
                  Co-Debtor

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

[X] Part A: Disclosures, Instructions,          [X] Part D: Debtor's Statement in
and Notice to Debtor (Pages 1 -                  Support of Reaffirmation
5)                                               Agreement

[X] Part B: Reaffirmation Agreement          [ ] Part E: Motion for Court Approval

[X] Part C: Certification by Debtor's          [ ] Proposed Order Approving
Attorney                                         Reaffirmation Agreement

The following disclosures reflect account information as of: ___6/18/2007___

State Farm Bank Account Number: _08528241078-1_

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1. DISCLOSURE STATEMENT

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

#### SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

#### AMOUNT REAFFIRMED

a. The amount of debt you have agreed to reaffirm:          $     5,524.85

b. Accrued interest as of date listed above:          $        31.18

c. All fees and costs accrued as of the date of this disclosure
statement, related to the amount of debt shown in a.,
above:          $       100.00

d. The total amount you have agreed to reaffirm (Debt and
fees and costs) (Add lines a. b. and c.):          $     5,656.03

*Your credit agreement may obligate you to pay additional amounts which
may come due after the date of this disclosure. Consult your credit
agreement.*

P.2

## ANNUAL PERCENTAGE RATE

a.  If the debt is an extension of "credit" under an "open end credit plan," as those
terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the
creditor may disclose the annual percentage rate shown in (i) below.

    (i)  The Annual Percentage Rate disclosed, or that would have been disclosed,
to the debtor in the most recent periodic statement prior to entering into the
reaffirmation agreement described in Part B below or, if no such periodic
statement was given to the debtor during the prior six months, the annual
percentage rate as it would have been so disclosed at the time of the
disclosure statement:

    _____

b.  If the debt is an extension of credit other than under than an open end credit
plan, the creditor may disclose the annual percentage rate showing in (i) below.

    (i)  The Annual Percentage Rate under § 128(a)(4) of the Truth in Lending Act,
as disclosed to the debtor in the most recent disclosure statement given to
the debtor prior to entering into the reaffirmation agreement with respect to
the debt or, if no such disclosure was given to the debtor, the annual
percentage rate as it would have been so disclosed:

    _____ 10.84% _____

c.  If the underlying debt transaction was disclosed as a variable rate transaction on
the most recent disclosure given under the Truth in Lending Act:

    The insterest rate on your loan may be a variable interest rate which
changes from time to time, so that the annual percentage rate disclosed may
be higher or lower.

d.  If the reaffirmed debt is secured by a security interest or lien, which has not been
waived or determined to be void by a final order of the court, the following items
or types of items of the debtor's goods or property remain subject to such
security interest or lien in connection with the debt or debts being reaffirmed in
the reaffirmation agreement described in Part B.

Item or Type of Item:    _____ 1995 CADILLAC DEVILLE _____

Original Purchase Price or Original Amount of Loan:    $ _____ 6,827.07

## REPAYMENT SCHEDULE

Pursuant to the terms of your credit agreement, your account is next due for the
__07/05/07__ payment, in the amount of __$ 176.67__ . Payments are due on
the __5th__ day of each month. Please consult your credit agreement.

P.3

## 2.    INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B.

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement is consistent with your best interests, except that no court approval is required for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

This notice must be given in writing, addressed to State Farm Bank, FSB, ATTN: BCC Bankruptcy, at PO Box 2328, Bloomington, IL 61702-2328, sent by first class mail, postage prepaid, within the appropriate time period.

Frequently Asked Questions:

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

NOTE: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

P.5

## PART B: REAFFIRMATION AGREEMENT

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1.   Brief description of credit agreement:

| | |
|---|---|
| Note Title: | Promissory Note and Security Agreement |
| Note Date: | 06/21/06 |
| Original Amount: | $6,827.07 |
| Collateral: | 1995 CADILLAC DEVILLE |

2.   Description of any changes to the credit agreement made as part of this reaffirmation agreement:

None

### SIGNATURE(S):

Borrower:                                                              Co-borrower:

*Charles F Ward*
CHARLES FINCH WARD

*6-22 07*
                            Date                                                                               Date

Accepted by State Farm Bank, FSB*:

*Kris Armstrong*
Kris Armstrong
Bankruptcy Specialist
                            *6-18-07*
                            Date

*Creditor acceptance is limited to terms listed on reaffirmation agreement as of date signed above. State Farm Bank, FSB, reserves the right to review any subsequent terms added by debtor after the above date, prior to acceptance of these terms.*

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY

*[Check each applicable box.]*

☑ I hereby certify that:
(1) this agreement represents a fully informed and voluntary agreement by the debtor(s);

(2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and

(3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Debtor's Attorney:

*Nell Adams*

NELL ADAMS

6-22-07

Date

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

1.  I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me.  I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is:

    $ 1722.10 ,
    (Debtor's monthly income)

    and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total

    $ 1541.24 ,
    (Debtor's monthly payments)

    leaving

    $ 180.86 ,
    (Debtor's disposable income)

    to make the required payments on this reaffirmed debt.  I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court.  However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:

2.  I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

    Signed:  _Charles f Ward_____
             CHARLES FINCH WARD

             _____

    Date:  _6-22-07_____

**PART E: MOTION FOR COURT APPROVAL**
*(To be completed only if the debtor is not represented by an attorney.)*

<u>MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT</u>

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement of Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement.

Signed: *Charles + Ward*
CHARLES FINCH WARD

Date: 6-22-07

United States Bankruptcy Court

_____WESTERN_____ District of _____MO-KANSAS CITY_____

In re _____CHARLES FINCH WARD_____
                                    Debtor

Case No. _____07-41777_____

Chapter _____7_____

_____
                                    Co-Debtor

## ORDER APPROVING REAFFIRMATION AGREEMENT

The debtor(s) _____CHARLES FINCH WARD_____ have filed a motion for
                        (Name(s) of debtor(s))

the approval of the reaffirmation agreement dated _____6/18/2007_____
                                                            (Date of agreement)

made between the debtors and _____State Farm Bank, FSB._____
                                        (Name of creditor)

The court held the hearing required by 11 U.S.C. § 524(d) on notice to the debtor(s)

and the creditor on _____.
                                (Date)

COURT ORDER:   The court grants the debtor's motion and approves the reaffirmation
                        agreement described above.

                                        BY THE COURT

_____                    _____
Date                                     *United States Bankruptcy Judge*

## PROMISSORY NOTE AND SECURITY AGREEMENT

**STATE FARM** | **Bank** | Date 06/21/2006
INSURANCE

State Farm Bank®
Bloomington, IL
1 (877) SF4BANK (1-877-734-2265)

| | |
|---|---|
| Borrower: | Charles Ward |
| Co-Borrower: | |
| Co-Borrower: | |
| Co-Borrower: | |
| Address: | 2916 SW Walnut St |
| | Blue Springs MO 64015-3323 |

### TRUTH IN LENDING DISCLOSURES

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 10.84 % | $ 1,653.09 · (e) | $ 6,827.07 | $ 8,480.16 (e) |

(e) means "estimate".

You have the right to receive an Itemization of the Amount Financed (check below if desired)

☐ I want an itemization

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are due |
|---|---|---|
| 48 | $176.67 | Monthly Beginning 08/05/2006 |
| | $ | |

Insurance: Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost for the term of this Note. You may obtain property insurance from anyone acceptable to the Lender.

| Type | Premium | Signature | |
|---|---|---|---|
| Credit Life | $ | I/We want credit life insurance | *Charles † Ward* |
| | 89.57 | | Signature of Borrower |
| | | | Signature of Co-Borrower |
| Credit Disability | | I want credit disability insurance | |
| | | | Signature |

Security: You are giving a security interest in the following motor vehicle:

| New or Used | Year | Make | Model | Serial No. or VIN |
|---|---|---|---|---|
| Used | 1995 | Cadillac | DeVille | 1G6KD52B5SU202999 |

Lender also has the right of any setoff or lien on any sums now or hereafter owing by the Lender to you or any cosigner, guarantor, or endorser and any other of your property in possession of the Lender. Collateral securing other loans with Lender may also secure this loan. This loan is also secured by any refunds of property insurance premiums and proceeds of the foregoing.

**Late Charge:** If any payment is late more than 10 days you will be charged 5% of the unpaid payment or $10.00, whichever is greater.

**Prepayment:** If you pay this Note off in full within 12 months of the date of this Note, you will have to pay Lender a prepayment penalty of $100.00.
See your contract terms on both pages of this Note for any additional information about nonpayment, default, and required repayment in full before the scheduled date, prepayment refunds, and penalties and further information about security interests.

Filing fees in the amount of $ 0.00        were paid in connection with this transaction and not included in the Amount Financed or Finance Charge.

**PROMISE TO PAY:** The undersigned ("Borrower", "you" or "your"), jointly and severally, promise(s) to pay to the order of State Farm Bank, F.S.B. (hereinafter, "Lender"), at P.O. Box 5961, Madison, Wisconsin 53705-0961, the Amount Financed shown above with interest (Finance Charge) on the unpaid balance of the Amount Financed at the Annual Percentage Rate shown above and accruing daily until the Amount Financed is paid in full. Interest shall be computed on the basis of a 365/366 day year and charged for the actual number of days elapsed. Borrower shall make payments according to the payment schedule shown above. The due date of the final payment is the final maturity of this Promissory Note and Security Agreement ("Note"), and any remaining unpaid Amount Financed and Interest (Finance Charge) shall be due and owing on that date. The Total of Payments and Finance Charge shown above are estimates based on Borrower making the proper payment on each scheduled due date. Payments made after any due date will increase the total amount of Finance Charge and Total of Payments.

**RETURN CHECK CHARGE:** Borrower agrees to pay a charge of $25.00 for each check submitted as payment on this loan which is later returned unpaid.

**SECURITY:** To secure payment of this Note and all renewals and extensions hereof, Borrower grants and pledges to Lender a security interest in the property disclosed in the Truth in Lending Disclosures above with all attachments and all accessions thereto and all proceeds thereof (hereinafter, the "Collateral").
**PRIVACY:** Lender may confirm any information which Borrower (including any cosigner, guarantor and endorser) provides to Lender. Borrower understands that from time to time Lender may receive credit information from others such as stores, other lenders and credit reporting agencies. Borrower understands and agrees that Lender may furnish credit experience and other information regarding Borrower and Borrower's application, performance and this account to others, including affiliates of Lender. Borrower authorizes Lender to make or obtain any credit or employment inquiries it deems appropriate, including collection of amounts owed on the account and to share such information with others.
**DISCLOSURE:** (1) Your financing is being obtained through clerical assistance of a State Farm insurance agent or staff member; (2) no compensation of any kind is to be paid between the seller of your automobile and the State Farm agent or staff member; (3) no referral relationship or arrangement is to exist between the State Farm agent or staff member and the seller of your automobile relating to the purchase of your automobile or your automobile loan; and (4) you are to receive the credit application, this Note, and other documentation for this loan from the State Farm agent or staff member, and those documents are to be completed and executed in the presence of the State Farm agent or staff member, and not on the premises of the seller of your automobile.

IF THE FOREGOING DISCLOSURE IS NOT AN ACCURATE STATEMENT OF THE WAY YOUR LOAN TRANSACTION HAS BEEN HANDLED, DO NOT EXECUTE ANY FURTHER DOCUMENTATION AND CONTACT STATE FARM BANK, F.S.B. AT ONCE AT 1-877-SF4BANK (1-877-734-2265).

By executing this Note you acknowledge that you have received this disclosure, that you have read this disclosure, that you understand this disclosure, and that your loan transaction has been handled in accordance with the conditions stated above.

**PERFECTION OF SECURITY INTEREST:** To the extent allowed by applicable law, Lender is hereby appointed as Borrower's attorney-in-fact to do at Lender's option and at Borrower's expense all things necessary or desirable to perfect, keep perfected and maintain Lender's security interest in the Collateral, to protect such Collateral and to execute any document or instrument to perfect, keep perfected and protect such security interest of the Lender in the Collateral.
**ACKNOWLEDGEMENT:** Borrower agrees to the terms of this Promissory Note and Security Agreement including the additional terms set forth on the second page. Borrower acknowledges receipt of a completed copy of this instrument and the insurance disclosure statement prior to consummation of the loan.

SIGNATURES

*Charles † Ward*
Charles Ward

NOTE: ANY CO-SIGNER(S) MUST SIGN ON THE SECOND PAGE

Compliance Systems, Inc. 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005 ITEM 4148SL1 (0507) Page 1 of 2

 Member FDIC

# ADDITIONAL TERMS AND PROVISIONS

**PAYMENTS:** Except as otherwise provided in this Note, borrower may make a prepayment of principal in full or in part at any time before maturity without penalty. Prepayments of principal will be applied to the last installment(s) and will not excuse or defer any scheduled payments until this Note is paid in full. If Borrower prepays this Note in full before maturity, then Borrower will receive from the insurance company a return of any prepaid credit insurance premiums, to the extent provided by the insurance disclosure or contract.

**EVENTS OF DEFAULT AND ACCELERATION:** If Borrower shall default in the payment, when due, of any installment of this Note or in the payments or performance of any other obligation hereunder or indebtedness due to Lender, or, in case of loss, substantial damage to, destruction, sale, encumbrance, concealment, removal, attachment, or levy upon the Collateral; or if any proceeding shall be instituted by or against Borrower (or Borrower's business) under any bankruptcy, insolvency or similar statute; or Borrower shall make an assignment for the benefit of creditors, or Lender shall deem itself insecure; or upon the death or incompetency of any Borrower, endorser or guarantor; or it Borrower makes any representation, warranty, statement or signature to Lender that is false or misleading; then upon the happening of any of the foregoing events of default, Lender at its option may declare the unpaid balance of this Note including accrued interest and all other indebtedness and obligations of Borrower to Lender immediately due and payable, without notice or demand. Borrower agrees to pay all of Lender's reasonable costs and expenses in enforcing this Note or in realizing upon the Collateral, including court costs and reasonable attorney's fees, to the extent permitted by applicable law (including bankruptcy or insolvency proceedings).

**USE OF PROCEEDS:** The proceeds of this Note will be used to acquire the Collateral or to refinance prior indebtedness used to acquire the Collateral and Lender may disburse such proceeds to the seller of the Collateral or to such other lender.

**COLLATERAL:** Borrower covenants, represents and agrees with Lender as follows: (a) that Borrower is the owner of the Collateral free from any lien, security interest, encumbrances or claim and will defend the Collateral against the claims and demands of all persons; and (b) that Borrower will not sell, lease or encumber the Collateral or grant any subsequent security interest therein nor part with possession thereof; and (c) that if Collateral is in the possession of Borrower, that Borrower will not permanently remove the Collateral from Borrower's residence or place of business without the prior written consent of Lender; and (d) that Borrower will not use or permit the Collateral to be used in violation of any law, ordinance or policy of insurance covering said Collateral; and (e) that Borrower will maintain the Collateral in good condition and repair and shall pay taxes and assessments levied on the Collateral. Borrower will promptly advise Lender of any change of address or change in location of the Collateral.

**PAYMENT OBLIGATIONS:** Loss, theft, damage to, destruction and seizure of the Collateral shall not relieve Borrower from the payment and performance of any obligation hereunder or the indebtedness secured hereby.

**INSURANCE:** Borrower shall procure and maintain insurance on the Collateral for the full term of this Note against the risks of fire, theft and such other risks as Lender may require (including the risk of collision in case the Collateral is a motor vehicle) in such amounts and conditions and with such insurers as are satisfactory to Lender; and Borrower shall deliver to Lender within ten (10) days from the date of the Note, a fully paid policy or policies of insurance containing a Lender's Loss Payable Clause (stating that the proceeds are payable to the Lender) in favor of Lender providing for ten (10) days prior written notice of cancellation. If Borrower shall fail, for any reason, to insure the Collateral at the times and in the manner herein above provided, or if Borrower's insurance shall be canceled, Lender at its option, may procure such insurance as shall be deemed necessary by Lender and advance the premiums therefor on behalf of Borrower. Borrower promises to pay such premiums to Lender, with interest thereon at the Annual Percentage Rate shown hereon, as additional indebtedness due hereunder and secured hereby, or Lender may, at its option, declare all obligations secured hereby to be immediately due and payable. Borrower hereby assigns to Lender any unearned or returned premiums. To the extent allowed by applicable law, Lender is hereby appointed Borrower's attorney-in-fact to endorse any check or draft payable to Borrower in order to collect such unearned premiums or any benefits of such insurance. All sums received by Lender as payment of insurance losses or for return of premiums under said policies of insurance shall, at the option of Lender, be applied to the unpaid principal balance or to currently maturing installments on this loan.

**REMEDIES OF LENDER:** Upon the occurrence of any event of default, the Lender shall have all of the rights and remedies of a secured party as provided by Article 9 of the Uniform Commercial Code, including, but not by way of limitation, the right of Lender to take immediate possession of the Collateral and anything located therein, with or without judicial process, and for such purpose, to enter on the premises where such Collateral may be located. In the event of default, Borrower agrees to make the Collateral available to Lender at a place acceptable to Lender which is convenient to Borrower. In the event of resale of the Collateral after repossession, Borrower expressly agrees that the requirements of reasonable notice shall be met if notice is delivered or mailed to Borrower at the address of Borrower shown herein prior to the sale or other disposition of the Collateral as provided by applicable law. Disposition of the Collateral may be made in any commercially reasonable manner. The net proceeds realized upon any sale or other disposition of the Collateral, after deducting expenses of the sale or other disposition incurred by Lender, shall be applied to the payment of this Note and all other indebtedness or obligations of Borrower to Lender, in such manner as Lender shall elect. Lender shall account to Borrower for any surplus thereafter realized on such disposition, Borrower shall remain liable for any and all unpaid amounts remaining or any other deficiency, which Borrower agrees to pay immediately.

**REMEDIES CUMULATIVE:** No right or remedy granted to Lender herein shall affect or diminish any right or remedy granted to Lender in any security agreement executed by one or more of the Borrowers relating to any other collateral securing this Note. (However, this Note is not secured by any principal dwelling unless described in this Agreement.) All rights and remedies of Lender, whether provided for herein or conferred by law, are cumulative.

**ADDITIONAL REMEDIES:** Demand, presentment for payment and notice of dishonor are hereby waived by Borrower and all cosigners, endorsers and guarantors hereon. Lender is authorized to appropriate and apply toward payment of this Note any other property belonging to Borrower in the possession of Lender, as well as any indebtedness of Lender to Borrower, and Lender is hereby given a first and prior lien upon such other property. All cosigners, guarantors and endorsers consent that the time of payment may be extended or renewal notes taken by the holder hereof without notice and that such extension or renewal shall not discharge their liability hereon.

**PROCESSING OF PAYMENTS:** Lender's business days for processing payments are Monday through Friday, excluding Lender's holidays. Payments received on a non-business day will be processed on the next business day, and Finance Charges (interest) continue to accrue on the unpaid balance of the Note. The payment due date will not be extended if it falls on a non-business day, and in such event Borrower should get the payment to Lender in advance of the due date.

**USE OF AGENT:** If your loan is being obtained through the assistance of a third party ("Agent"), you understand that the Agent is not an employee of the Lender and the Agent is not authorized to make representations or bind the Lender.

**WAIVER AND SEVERABILITY:** No delay or omission by Lender in exercising any right or remedy shall operate as a waiver of such right or remedy or any other right or remedy. A waiver on any one occasion shall not act as a waiver for any other occasion. Lender may accept late or partial payments or payments marked "in full" or with similar language, without waiving any rights or remedies. If any provision of this Note is held invalid, such invalidity shall not affect the validity and enforceability of the remaining provisions of this Note.

**SUCCESSORS AND ASSIGNS:** All rights of Lender shall also benefit the successors and assigns of Lender, and all obligations of Borrower shall be binding upon Borrower's heirs, beneficiaries, personal representatives, successors and assigns. If there is more than one Borrower, their obligations hereunder shall be joint and several. Any changes to this Note must be in writing and signed by Lender.

**GOVERNING LAW:** This Note shall be governed by federal law and the laws of the State of Illinois. The making of the loan evidenced by this Note is expressly conditioned upon Lender's approval and all loan proceeds will be disbursed by Lender at its principal office in Illinois. Regardless of where you live, your credit application will be forwarded to Lender in Illinois and Lender will process your application and make all lending decisions at its offices in Illinois. This Note is entered into in Illinois upon Lender's acceptance. All terms and conditions in this Note (including applicable fees) are material to the determination of the interest rate.

## COSIGNER(S) AGREEMENT (if applicable)

The undersigned agrees to be a cosigner of this Note and agrees to be bound by the terms of this Note, as a Borrower, acknowledges reading the "Notice to Cosigner(s)" printed below and has received a copy of this Note.

Date: 06/21/2006

_____
Signature

Name:

Address:

_____
Signature

Name:

Address:

## NOTICE TO COSIGNER(S)

You are being asked to guarantee this debt. Think carefully before you do. If the Borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the Borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The Lender can collect this debt from you without first trying to collect from the Borrower. The Lender can use the same collection methods against you that can be used against the Borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record.

This notice is not the contract that makes you liable for the debt.

Compliance Systems, Inc. 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005 ITEM 41485L2 (0507) Page 2 of 2



## You have successfully filed a Notice of Lien with the following information:

### Owner Information

| | |
|---|---|
| Owner | Ward Charles<br>2916 SW Walnut St<br>Blue Springs, MO 64015 |
| DLN/SSN/FIEN Number | 496425328 |

### Unit Description

| | |
|---|---|
| Vehicle Type | Passenger Vehicle |
| Make | CADI |
| Year | 1995 |
| VIN/HIN | 1G6KD52B5SU202999 |
| Purchase Date | 06/21/2006 |
| Lien Date | 06/21/2006 |
| Net Price | $6827 |

### Lien Information

| | |
|---|---|
| Lienholder Type | Bank/Savings And Loan |
| Lienholder ID Number | 371381494-1443 |
| Lienholder | State Farm Bank<br>PO Box 5961<br>Madison, WI 53705 |
| Future Advances | Yes |
| Loan/Unit Number | 8528241078 |

### Filing Information

| | |
|---|---|
| NOL File Date | 07/13/2006 |
| Fee | $2.50 |
| Office Number | 777 001 |
| Control Number | 852019IN |

**This is your receipt - Please print this page for your records.**

Dealer & Lienholders · Motor Vehicle & Driver Services   Contact

https://dors.mo.gov/dmv/nol/nolSave.do                              7/13/2006